SCOTTLYNN J HUBBARD, SBN 212970
KHUSHPREET R. MEHTON, SBN 276827
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244
Email: USDCCentral@HubsLaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VOGEL, | Case No. 2:17-cv-02361-BRO-KS |
| Plaintiff, | |
| vs. | **Plaintiff's Second Amended Complaint** |
| DEVONSHIRE PLAZA, LLC, | |
| Defendant. | |

SUMMARY

1.      This is a civil rights action by plaintiff Martin Vogel (referred to hereinafter as "Vogel") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

7-Eleven #24596
21925 Devonshire Street
Chatsworth, CA 91311
(referred to hereinafter as "the Store")

2.      Vogel seeks damages, injunctive and declaratory relief, attorney fees and costs against Devonshire Plaza, LLC (referred to hereinafter as "Devonshire Plaza") pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes.

JURISDICTION

3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.      Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.      Vogel's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

VENUE

6.      All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

PARTIES

7.      Devonshire Plaza owns, operates, and/or leases the Store, and consists of a person (or persons), firm, and/or corporation.

8.     Vogel is a T-3 paraplegic as a result of a motorcycle accident in 1986 which left him unable to walk or stand and requiring the use of a wheelchair when traveling about in public.  Consequently, Vogel is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

FACTS

9.     The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Vogel visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Vogel, the barriers at the Store included, but are not limited to, the following:

- The access aisle has slopes and/or cross slopes that are too steep, due mainly to an encroaching built-up curb ramp. Without a level access aisle, it is difficult for Vogel to load/unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;

- The access aisle is not immediately adjacent to the disabled parking space, thus making it difficult for Vogel – as well as other patrons – to determine which areas are for the sole use of the disabled;

- The access aisle is not wide enough, thus making it difficult for Vogel – as well as other patrons – to determine which spaces are intended for the transferring/loading/unloading of the disabled; and,

- The entrance doors have inaccessible "panel" handles, thus making them difficult for Vogel to grasp and pull open.

These barriers prevented Vogel from enjoying full and equal access.

11.     Vogel was also deterred from visiting the Store because he knew that the Store's goods, services, facilities, privileges, advantages, and

1  accommodations were unavailable to physically disabled patrons (such as
2  himself). He continues to be deterred from visiting the Store because of the future
3  threats of injury created by these barriers.

4        12.    Vogel also encountered barriers at the Store, which violate state and
5  federal law, but were unrelated to his disability. Nothing within this complaint,
6  however, should be construed as an allegation that Vogel is seeking to remove
7  barriers unrelated to his disability.

8        13.    Vogel would revisit the Store if Devonshire Plaza removed the
9  barriers identified above.  Vogel visits his friend in Simi Valley once every two
10 months and takes the friend to run errands in Chatsworth.  While there, Vogel
11 generally dines and shops in the town.  Vogel has visited the Store and plans to
12 do so again once the above barriers are removed.

13       14.    Devonshire Plaza knew that these elements and areas of the Store
14 were inaccessible, violate state and federal law, and interfere with (or deny)
15 access to the physically disabled.  Moreover, Devonshire Plaza has the financial
16 resources to remove these barriers from the Store (without much difficulty or
17 expense), and make the Store accessible to the physically disabled.  To date,
18 however, Devonshire Plaza refuses to either remove those barriers or seek an
19 unreasonable hardship exemption to excuse non-compliance.

20       15.    At all relevant times, Devonshire Plaza has possessed and enjoyed
21 sufficient control and authority to modify the Store to remove impediments to
22 wheelchair access and to comply with the Americans with Disabilities Act
23 Accessibility Guidelines and Title 24 regulations.  Devonshire Plaza has not
24 removed such impediments and has not modified the Store to conform to
25 accessibility standards.

26

27

28

1

FIRST CLAIM

2

**Americans with Disabilities Act of 1990**

3

Denial of "Full and Equal" Enjoyment and Use

4
5

16.     Vogel incorporates the allegations contained in paragraphs 1 through 15 for this claim.

6
7
8
9
10

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

11
12
13

18.     Devonshire Plaza discriminated against Vogel by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Store during each visit and each incident of deterrence.

14

Failure to Remove Architectural Barriers in an Existing Facility

15
16
17
18
19

19.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20
21
22
23

20.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

24
25
26
27

21.     Here, Vogel alleges that Devonshire Plaza can easily remove the architectural barriers at Store without much difficulty or expense, and that Devonshire Plaza violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

28

1
2
3
4

22.    In the alternative, if it was not "readily achievable" for Devonshire Plaza to remove the Store's barriers, then Devonshire Plaza violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

5

<u>Failure to Design and Construct an Accessible Facility</u>

6
7
8

23.    On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

9
10
11
12

24.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

13
14
15
16

25.    Here, Devonshire Plaza violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Vogel—when it was structurally practical to do so.[1]

17

<u>Failure to Make an Altered Facility Accessible</u>

18
19

26.    On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

20
21
22
23
24
25

27.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

26
27
28

---

[1]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

28.     Here, Devonshire Plaza altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public— including Vogel—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.     Here, Devonshire Plaza violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.     Vogel seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.     Vogel also seeks a finding from this Court (*i.e.,* declaratory relief) that Devonshire Plaza violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

SECOND CLAIM

**Disabled Persons Act**

33.     Vogel incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.     California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.     California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.     Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.     Here, Devonshire Plaza discriminated against the physically disabled public—including Vogel—by denying them full and equal access to the Store.   Devonshire Plaza also violated Vogel's rights under the ADA, and, therefore, infringed upon or violated (or both) Vogel's rights under the Disabled Persons Act.

38.     For each offense of the Disabled Persons Act, Vogel seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.     He also seeks to enjoin Devonshire Plaza from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

THIRD CLAIM

**Unruh Civil Rights Act**

40.     Vogel incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

1   42.     California Civil Code § 51.5 also states, in part, that: No business
2   establishment of any kind whatsoever shall discriminate against any person in
3   this state because of the disability of the person.

4   43.     California Civil Code § 51(f) specifically incorporates (by reference)
5   an individual's rights under the ADA into the Unruh Act.

6   44.     Devonshire Plaza's aforementioned acts and omissions denied the
7   physically disabled public—including Vogel—full and equal accommodations,
8   advantages, facilities, privileges and services in a business establishment
9   (because of their physical disability).

10  45.     These acts and omissions (including the ones that violate the ADA)
11  denied, aided or incited a denial, or discriminated against Vogel by violating the
12  Unruh Act.

13  46.     Vogel was damaged by Devonshire Plaza's wrongful conduct, and
14  seeks statutory minimum damages of four thousand dollars ($4,000) for each
15  offense.

16  47.     Vogel also seeks to enjoin Devonshire Plaza from violating the
17  Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred
18  under California Civil Code § 52(a).

19              FOURTH CLAIM
20  **Denial of Full and Equal Access to Public Facilities**

21  48.     Vogel incorporates the allegations contained in paragraphs 1 through
22  13 for this claim.

23  49.     Health and Safety Code § 19955(a) states, in part, that: California
24  public accommodations or facilities (built with private funds) shall adhere to the
25  provisions of Government Code § 4450.

26  50.     Health and Safety Code § 19959 states, in part, that: Every existing
27  (non-exempt) public accommodation constructed prior to July 1, 1970, which is
28  altered or structurally repaired, is required to comply with this chapter.

51.     Vogel alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

52.     Devonshire Plaza's non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Vogel and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

PRAYER FOR RELIEF

WHEREFORE, Vogel prays judgment against Devonshire Plaza for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Devonshire Plaza violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.     Attorneys' fees, litigation expenses, and costs of suit.[2]

5.     Interest at the legal rate from the date of the filing of this action.

DATED: January 29, 2018          DISABLED ADVOCACY GROUP, APLC

*/s/ Scottlynn J Hubbard*
SCOTTLYNN J HUBBARD
Attorney for Plaintiff

---

[2]  This includes attorneys' fees under California Code of Civil Procedure § 1021.5.